| ¡¿DALEY, Judge.
The plaintiff, Loretta Scott, was rear-ended by a car driven by Ada Byrd, and insured by American Deposit Insurance Company. Ms. Scott filed suit for injuries sustained in the accident. The defendants have appealed the trial judge’s judgment in favor of plaintiff. For the reasons which follow, we affirm.
FACTS:
Ms. Scott testified that she was stopped for a traffic light at the intersection of Williams Boulevard and 32 nd Street in Kenner, when she was struck in the rear by a car driven by Ms. Byrd. She testified that her car was pushed four to five feet forward by the impact. Ms. Scott explained that she remained in her car until the police arrived. During the time immediately following the accident, she “felt fine”; however a couple of days later she began to experience neck and back pain.
laMs. Scott contacted an attorney who referred her to Dr. Richard Hages, a Chiropractor. X-rays were taken of Ms. Scott’s neck and back, and she visited Dr. Hages’ office several times per week shortly after the accident. As her pain decreased, the frequency of her visits with Dr. Hages decreased. She testified that her visits to Dr. Hages office continued for a four to five month period. Her neck pain completely resolved; however, at the time of trial, she continued to have intermittent back pain.
Ms. Byrd testified that she was stopped at a traffic light behind plaintiff. The light turned green and plaintiff pulled off, then stopped. Ms. Byrd explained that it was raining and “I slid and hit her.” Ms. Byrd testified that she pled guilty to a citation issued for following too closely. She further testified that her car did not sustain any damage from the impact.
Officer Calvin Prevou of the Kenner Police Department testified that he investigated the accident. When he arrived on the scene, Ms. Scott told Officer Prevou that she was unsure whether she was injured. He summoned an ambulance, but when it arrived, Ms. Scott stated she would seek medical attention on her own. Officer Prevou testified that Ms. Scott told him she was stopped at a traffic light when she was struck from the rear. Ms. Byrd told the officer as she pulled forward after the light turned green, she struck plaintiff. Officer Prevou estimated Ms. Byrd’s speed to be two to five miles per hour, based on the “small scuff’ marks on the bumpers of the vehicles.
The plaintiffs medical records were submitted into evidence. The records indicate that Ms. Scott first sought treatment from Dr. Hages on December 29, 1997. She visited his office consistently until she was discharged on April 30, 1998. Dr. Hages diagnosed Ms. Scott as having cervical and lumbar strain/sprain from the motor vehicle accident.
*216 |4A repair estímate for Ms. Scott’s vehicle was introduced into evidence. The estimated cost to repair the vehicle was $140.72.
A report authored by Martha A. Nichols-Ketchum, Ph.D., P.E., a registered professional engineer in mechanical engineering, and John C. Laughlin, a mechanical engineer, was admitted into evidence as the defendants’ exhibit. The report refers to independent studies where rear end impacts with speed changes of five miles per hour or less have demonstrated that the injury potential in these types of accidents is small. The report concludes:
Lumbar injury is not consistent with having resulted from this incident. In a low-speed, rear-end collision, the lower back is pushed into the seat back, constraining the segments of the low back to move as a single unit. This prevents any twisting or bending motion in the low back and essentially protects the low back from injury.
At the conclusion of trial, the trial judge stated that he read the report and acknowledged that the report indicated that in the engineers’ opinion, lumbar injuries cannot develop from this type of injury. The trial judge concluded that he did not accept that legal opinion. He then awarded plaintiff $4,000.00 for pain and suffering, in addition to medical expenses and property damages. The defendants have appealed this judgment.

DISCUSSION:

On appeal the defendants argue that the trial court erred by ignoring the uncontradicted expert testimony that a low-impact collision could not have caused plaintiffs alleged lumbar injuries. We disagree. The trial transcript clearly shows that the trial judge considered the expert opinion, but rejected it. This Court notes that the engineers’ expert report indicates that injury potential in these accidents is small. The report does not state that injury is physically impossible. The engineering expert |fireport also ignores the testimony of the plaintiff that she hit her head on the steering wheel as a result of the read end impact, which testimony was uncontroverted.
A trial court is not bound by expert testimony; rather, expert testimony is to be weighed the same as any other evidence. Shows v. Shoney’s, Inc., 98-1254 (La.App. 1 Cir. 7/29/99), 738 So.2d 724. The trial judge has the discretion to accept or reject in whole or in part the opinion expressed by an expert. Id.
In the case before us, the trial judge obviously believed plaintiffs testimony regarding her back pain. In his oral reasons for judgment, the trial judge noted that Dr. Hages’ report stated there were objective signs of injury. We see no abuse of discretion by the trial judge in rejecting the report by Martha A. Nichols-Ketchum, Ph.D., P.E. and John C. Laughlin, M.Eng.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.